IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| MARSHAL TAYLOR | * |
|    Plaintiff, | * |
|    v. | *   2:07-CV-281-WKW |
| |    (WO) |
| CHIEF ALFRED WARDWORTH, *et al.*, | * |
|    Defendants. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

    This is a 42 U.S.C. § 1983 action in which Plaintiff, a pre-trial detainee, complains that he is currently incarcerated on a misdemeanor charge which he maintains he settled more than ten years ago by pleading guilty to an unspecified crime, paying a fine, and registering as a sex offender. Plaintiff asserts that his arrest violates his right against being placed in double jeopardy. He also alleges that prior to his arrest, his neighbors and the police started sending out bad spirits and vibes, harassed him, and tried to break into his home. (Doc. No. 1 and attachments.)

    In filing this action, Plaintiff seeks "instant relief," damages, dismissal of the charges against him, his release from prison so that he can move back home, a court order directing Defendants to send him all the files on this case, and a trial by jury. Named as defendants are Chief Alfred Wardworth, Lieutenant Debra Deramus, Deputy Simon, and Charlotte Reed. Upon review of the complaint, the court concludes that dismissal of this case prior to service

of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

## I. DISCUSSION

*A. The Pending Charge*

Plaintiff complains that the criminal charge pending against him and his present incarceration arising from this charge are unconstitutional. In support of his claim, Plaintiff contends that he satisfied the terms of the charge on which he is currently incarcerated more than ten years ago.

If the matters about which Plaintiff complains were found to violate his federal rights, it is clear that his claims concern a criminal charge which is currently pending before the state courts. It is, therefore, not currently appropriate for consideration by this court.

In *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), the Supreme Court held that a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied injunctive relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. In this case, Plaintiff has an adequate remedy at law because he may pursue all of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Plaintiff can present the factual and legal bases for the alleged

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

constitutional violations in the on-going state court criminal proceedings. Moreover, Plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that Plaintiff must endure criminal prosecution in state court fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court must, therefore, abstain from considering the merits of Plaintiff's challenge to his confinement.

*B. Bad Spirits*

Plaintiff maintains that prior to his arrest he did not cause trouble or violate any terms of his case when "all of sudden people in the neighborhood started sending spirits out, tried breaking in [his] home, and spying through [his] windows and such." He attributes similar conduct to the police whom he alleges stalked and harassed him, parked down the street from his home and watched every move he made, pointed guns at him in his trailer, broke into his home, and threatened to kill him if he didn't move out of Prattville[, Alabama]. Plaintiff describes "feel[ing] as if the police and officials were sending bad spirits and vibes [his] way, wanting [him] to get in trouble. As a result of this conduct, Plaintiff contends that he was unable to go to work and was paranoid about staying at home. (Doc. No. 1 and attachments.)

This court shall dismiss an *in forma pauperis* complaint "if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i); *see also*, *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). This section gives a federal district court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id*. at 327. Examples of such claims are those that

3

describe "fantastic or delusional scenarios." *Id*. at 328.

After carefully reviewing Plaintiff's allegations as described above, the court concludes that the facts he alleges present a fantastic and delusional scenario in which neighbors and police are sending out bad spirits and vibes designed to get Plaintiff in trouble, that these same people are stalking and harassing him, and that law enforcement officials are threatening to kill him unless he leaves town. The allegations made by Plaintiff are the types of claims which should be subject to dismissal because they rise to the level of the irrational and reflect the thoughts of a paranoid and/or delusional individual. In light of the foregoing, the court concludes that Plaintiff's claims concerning the conduct of his neighbors and the police prior to his arrest are due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *Denton v Hernandez*, 504 U.S. 25 (1992); *Neitzke, supra*.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims challenging the validity of the charge on which he is currently detained be DISMISSED without prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii); and

2. Plaintiff's claims concerning the conduct and/or actions of neighbors and law enforcement officials prior to his arrest be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said

Recommendation on or before April 23 , 2007. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the parties are objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 10th day of April, 2007.

                         /s/Charles S. Coody
                         CHARLES S. COODY
                         CHIEF UNITED STATES MAGISTRATE JUDGE